**In re Thomas S. HEIDKAMP, Debtor.**

**Thomas S. Heidkamp, Debtor, Plaintiff,**

v.

**Fifth Third Bank (Florida), Defendant.**

Bankruptcy No. 9:04–BK–22830–ALP.

Adversary No. 9:05–AP–00170–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

June 7, 2005.

Louis X. Amato, Louis X. Amato, PA, Naples, FL, for Debtor/Plaintiff.

Melville G. Brinson, III, Smoot Adams Edwards & Brinson, PA, Fort Myers, FL, for Creditor/Defendant.

Lori V. Vaughan, Foley & Lardner, Tampa, FL, for Defendant.

Anne Dalton, Lee County Tax Collector, John Noland, Henderson, Franklin, Starnes & Holt, Douglas B. Szabo, Fort Myers, FL, W. Keith Fendrick, Foley & Lardner, Tampa, FL, Michael C. Markham, Johnson Pope Bokor Ruppel & Burns LLP, Clearwater, FL, Matthew Scott Toll, Lusk Drasites & Tolisano PA, Cape Coral, FL, for Creditors.

Diane L. Jensen, Attorney for Trustee, Fort Myers, FL, for Interested Party.

### ORDER ON MOTION FOR SUMMARY JUDGMENT (Doc. No. 9)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 13 case of Thomas S. Heidkamp (Debtor) is a Motion for Summary Judgment filed by the Debtor who seeks a determination as a matter of law that the Fifth Third Bank, Florida, has no valid security interest in any of the assets of the Debtor. It is the contention of the Debtor that the facts relevant to the resolution of these issues are without dispute, there are no genuine issues of material fact and that he is entitled to a judgment in his favor as a matter of law. In opposition to the Debtor's Motion for Summary Judgment, the Bank contends that there are material issues of fact and they have not had an

opportunity to make full discovery on the matter.

Having considered the matter, the record and heard argument of counsel, this Court is satisfied that the Bank should be entitled to file an Amended Answer and assert the affirmative defenses of judicial estoppel and *res judicata*. Therefore, it is inappropriate to dispose of the issues at this time by way of summary judgment, and the matter should be resolved only after the Court has received competent evidence in support of and in opposition to the respective positions of the parties.

Based on the foregoing, the Bank shall be entitled to file an Amended Answer, if it so deems to be advised, within ten (10) days of the date of the entry of this Order. If the Bank files an Amended Answer, the matter shall be set down promptly for final evidentiary hearing, unless any of the parties file a Motion for Summary Judgment within ten (10) days of the Amended Answer filed by the Bank.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Defendant, Fifth Third Bank is granted leave to file an Amended Answer within ten (10) days from the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, denied without prejudice, with leave to renew the same within ten (10) days after the Bank files its Amended Answer. It is further

ORDERED, ADJUDGED AND DE-CREED that if no renewed Motion for Summary Judgment is filed by any of the parties the matter is to be set down for final evidentiary hearing to be heard by the undersigned on ＿＿＿＿, 2005, beginning at ＿＿＿.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida.